**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JUSTIN LANGFORD,<br><br>            Plaintiff(s),<br><br>v.<br><br>NAPHCARE, INC., et al.,<br><br>            Defendant(s). | 2:18-cv-01339-RFB-VCF<br>**ORDER** |

Before the court are plaintiff's motion for recusal of magistrate and vacating of order (ECF Nos. 50 & 51). Plaintiff asks to the court to vacate the Order granting Yarbo's motion for the court to issue a scheduling order (ECF No. 49) which set a discovery plan and scheduling order. Plaintiff argues that he should have been permitted to oppose defendant Dean Yarbro, M.D.'s motion for the court to issue a scheduling order (ECF No. 48), which requested the scheduling order. Plaintiff argues that a scheduling order should not have been entered because his Second Amended Complaint has not been screened.

Pursuant to Local Rule 16-1(b), "in actions by or on behalf of inmates under 42 U.S.C. § 1983 ...no discovery plan is required," rather "a scheduling order [is] entered within thirty (30) days after the first defendant answers or otherwise appears." This is an action brought under 42 U.S.C. § 1983; thus, a scheduling order is entered by the court.

Plaintiff's Second Amended Complaint, ECF No. 42, was filed after a hearing before Judge Boulware. (ECF No. 40). Defendant Yarboro has answered the complaint ECF No. 43. Screening the Second Amended Complaint is not appropriate. The scheduling order was required under Local Rule 16-1(b).

Plaintiff also asks me to recuse myself.  Nothing in the record requires my recusal, and I have a duty to preside over the cases assigned to me.

Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for recusal of magistrate and vacating of order (ECF Nos. 50 & 51) are DENIED.

DATED this 13th day of May 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE