# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Justin Langford,

    Plaintiff,

vs.

NaphCare Inc., *et. al*,

    Defendants.

Case No. 2:18-cv-01339-RFB-MDC

**ORDER**

  The Court has reviewed defendant Yean Yanboro's Status Report regarding this case (ECF No. 84), filed pursuant to the Court's 12/11/2025 Order (ECF No. 83). Mr. Yanboro represents that a Stipulation dismissing him from the case was filed (ECF No. 79) and granted by the Court (ECF No. 80). Plaintiff also has not seemed to have properly served any of the remaining defendants in this case.

  Furthermore, the docket also reflects that several "Mail undeliverable" notices stating that "offender is PAR[.]". *See ECF Nos. 85*, *86*. A search of the inmate database shows that plaintiff has been released on parole. However, no Notice of Change of Address has been filed by plaintiff. The Court's Local Rule IA 3-1 instructs that a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number." *Id.* Plaintiff was additionally instructed to maintain his address current with the Court via letter filed and served on July 24, 2018, which provides, in relevant part: "This change of address includes moving to a new institution or being released on parole." *ECF No. 2* at 1. "The notification must include proof of service on each opposing party or the party's attorney[,]" when applicable. *Id.* And "failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." *Id.*

  Therefore, **IT IS SO ORDERED** that plaintiff file a **Notice of Change of Address** by no later than **February 27, 2026**. **IS IT FURTHER ORDERED** that plaintiff properly serve and file proof of

service to any of the defendants still not dismissed in this case by **March 27, 2026**, if he files a Notice of Change of Address. Not adhering to this Order may result in this case being dismissed pursuant to LR IA 3-1 if plaintiff does not properly file of Notice of Change of Address or Federal Rule of Civil Procedure 4(m) and/or LR 41-1 if plaintiff does not properly serve remaining defendants.

DATED: January 27, 2026.

**IT IS SO ORDERED**.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

2